**SHI CI YANG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3139.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 11, 2010.

Opinion Filed: March 23, 2010.

Gary J. Yerman, Esq., Yerman & Associates, New York, NY, for Petitioner.

Ada Elsie Bosque, Thomas W. Hussey, Esq., Paul F. Stone, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: BARRY, JORDAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Petitioner Shi Ci Yang seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the order of the Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition.

## I.

Because we write solely for the parties, we discuss only those facts relevant to our analysis.

In 1999 and again in 2000, Yang's then-girlfriend, Lan Zhi Ling, became pregnant. On both occasions, she was subjected to forced abortions because she was underage. In 2001, Ling became pregnant a third time. This time, however, she was old enough to marry and legally have a child. Yang and Ling begged government officials to permit them to marry and, after paying an unspecified fine, they did so. Their son was born in May 2002.

In 2003, a female co-worker of Yang's became pregnant. Yang assisted her in attempting to conceal the pregnancy and escape. When his efforts were uncovered, he was detained for nine hours and beaten. Specifically, he was tied up with rope, punched, kicked, and hit with a stick, actions that led to bleeding from his mouth, swelling of his eye, and bruising. He sought medical treatment. His employer fired him, and his village requested that he write a letter of self-criticism condemning his actions. Yang claims that government officials pursued and threatened him.

In 2004, Yang fled China and entered the United States. He sought asylum, withholding of removal, and relief under CAT. The IJ denied relief. Yang appealed the asylum and withholding of removal determinations, but did not challenge the CAT determination. The BIA affirmed.

## II.

We have jurisdiction to review the BIA pursuant to 8 U.S.C. § 1252. Where, as here, the BIA does not merely adopt an IJ's opinion but instead renders its own decision, we review the decision of the BIA. We review the BIA's factual findings under the deferential substantial evidence standard. *Wong v. Att'y Gen. of the United States,* 539 F.3d 225, 230 (3d Cir. 2008).

## III.

"The Attorney General 'may' grant asylum to an alien who demonstrates that he/she is a refugee...." *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002) (quoting 8 U.S.C. § 1158(b)(1)). A refugee is a "person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecu-

tion or because of a well-founded fear of future persecution on account of his [or her] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at 271–72 (citing 8 U.S.C. § 1101(a)(42)(A)). Persecution "must amount to more than generally harsh conditions shared by many other persons, but does include threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." *Lin v. INS,* 238 F.3d 239, 243–44 (3d Cir.2001) (quotations omitted).

■ Yang first contends that the forcible abortion of his first two children constitutes past persecution. However, where an asylum claim is premised on the enforcement of coercive population control programs, only those who themselves endured an abortion or sterilization are eligible for relief. *Lin–Zheng v. Att'y Gen. of the United States,* 557 F.3d 147, 157 (3d Cir.2009) (en banc). Yang, therefore, is ineligible for relief on this basis.

■ The only other alleged past persecution that Yang points to is the aftermath of his efforts to assist a co-worker evade a forced abortion. Specifically, Yang was: (1) dismissed from his employment; (2) detained for nine hours and beaten; and (3) asked to draft a letter of self-criticism. Those events are not persecution.

First, with respect to economic persecution, we have held that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution.... Such disadvantage might, for instance, involve the deprivation of liberty, food, housing, employment, and other essentials of life." *Li v. Att'y Gen. of the United States,* 400 F.3d 157, 168 (3d Cir.2005) (quotation omitted). This is a high standard. For example, in *Li,* the petitioner: was fined more than a year and a half's salary;

blacklisted from any government employment and from most other forms of legitimate employment; lost health benefits, school tuition, and food rations; and had household furniture and appliances confiscated. *Id.* at 169. Yang's plight pales in comparison. Although Yang lost his job, there is no evidence indicating that he was unable to obtain or was barred from obtaining other employment or subjected to other economic sanctions. Accordingly, he was not economically persecuted.

Second, the beating Yang endured during his nine hours of detention, although offensive and deplorable, is not persecution. In *Jarbough v. Attorney General of the United States,* for example, we held that there was no persecution where the petitioner was confined for more than two days and was threatened with wires and electrical cables, screamed at, cursed at, threatened, kicked, shoved, pushed, and prodded, resulting in bruising. 483 F.3d 184, 191 (3d Cir.2007). Because Yang's purported persecution is no more severe than Jarbough's, it does not merit relief. Third, and finally, the request that Yang draft a letter of self-criticism does not rise to the level of persecution.

■ Yang also cannot demonstrate a fear of future persecution. In his application for relief, Yang claims that if he returned to China he would be arrested and sent to prison. Those allegations, however, conflict with the Department of State's observation that those who assist others in efforts to violate China's one-child policy are subject to withholding of social services, higher tuition costs, job loss or demotion, loss of promotion opportunity, and administrative punishments, including the destruction of property. Accordingly, Yang cannot establish a well-founded fear of future persecution.

Because Yang cannot meet his burden of proof with respect to asylum, he is ineligible for withholding of removal. *Wong*, 539 F.3d at 236–37.

Finally, Yang did not challenge the IJ's denial of CAT protection before the BIA and is barred from challenging that decision before us. 8 U.S.C. § 1252(d)(1).

## IV.

We will deny the petition for review.